**No. 22-3073**

United States Court of Appeals for the District of Columbia Circuit

In re Sealed Case

On Appeal from the United States District Court

for the District of Columbia

No. 22-gj-25

# MOTION TO UNSEAL

Charlie Savage
The New York Times
1627 I St. NW
Washington, DC 20016
202-369-6653
savage@nytimes.com

## MOTION TO UNSEAL

Pursuant to Circuit Rule 47.1(c), Charlie Savage ("Petitioner"), representing himself, respectfully submits this motion to unseal all judicial records related to pre-indictment litigation over executive privilege and attorney-client privilege in this case, including opinions and orders, along with the docket, hearing transcripts, and all briefs and pleadings filed by the government, witnesses, subjects, targets and interested parties.

1. The public and the press have a common law and First Amendment right of access to judicial records. The existence of this litigation has been formally disclosed, so it is no longer covered by Federal Rule of Criminal Procedure 6(e). As a result, disclosure of these materials in these historic matters would be lawful and appropriate.
2. Petitioner is a New York Times reporter who writes about presidential power and legal policy, and whose coverage has included the now-dropped case against President Donald J. Trump over his attempt to overturn the results of the 2020 election.
3. This motion concerns privilege fights that were ancillary to the grand jury investigation that led to that indictment.
4. Petitioner has previously submitted two requests to Chief Judge Boasberg of the United States District Court for the District of Columbia for unsealing of

related materials at the district court level. In both of those cases, the Department of Justice curated a partly redacted set of filings which were placed on a public docket.

5. The first round, in which Petitioner was represented by The New York Times and which also involved a separate request by Politico, centered on executive privilege and the disclosure in open court by a prosecutor that there had been fights over invocations of the privilege by witnesses who sought to avoid providing evidence to a grand jury.
6. The Justice Department did not contest that the existence of those fights had been disclosed and curated a set of partly redacted files, which were posted on a public docket in October 2024. *In Re Application of The New York Times and Charlie Savage for Access to Certain Dockets, Orders, Legal Briefing, and Argument Transcripts Ancillary to January 6 Grand Jury Proceedings 22-mc-0100, D.D.C., ECF No. 32 – 32-18.*
7. The second round, a *pro se* request by Petitioner alone, centered on attorney-client and attorney work-product privilege in both the Jan. 6 investigation and the Trump documents investigation.
8. For the Jan. 6 matters, Judge Boasberg ruled that the litigation over attorney-client privilege had been disclosed, but not litigation over attorney work-product privilege. He also ruled that the names of parties, while widely

reported in the news media, had not been disclosed so should remain redacted. *Memorandum Opinion, Aug. 11, 2025, In Re Donald J. Trump, 25-mc-00008, D.D.C., ECF No. 6.*

9. Following Judge Boasberg's ruling, the Justice Department curated a second set of materials, which were publicly posted in September 2025. *In Re Donald J. Trump, ECF Nos. 11 - 11-18.*

10. Petitioner is now seeking the systematic unsealing of the related appellate court materials via this motion and a series of similar motions in each of the D.C. Circuit cases whose existence has also been disclosed.

11. The disclosed district court materials include Judge Howell's orders and opinions in this case, as well as a docket for it. *In Re Donald J. Trump, ECF Nos. 11-1 - 11-5.*

12. It has also been formally disclosed and is in the public domain that Judge Howell's decision that executive privilege and attorney-client privilege were overcome in this matter was appealed and led to litigation before the D.C. Circuit.

13. The final report by the special counsel, Jack Smith, released by the Justice Department in January 2025, describes this litigation, including stating that "The court of appeals also denied a stay pending appeal and later dismissed the appeal as moot," and lists its appellate case number. *Final Report on the*

*Special Counsel's Investigations and Prosecutions, Vol. 1: The Election Case, Report on Efforts to Interfere with the Lawful Transfer of Power Following the 2020 Presidential Election or the Certification of the Electoral College Vote Held on Jan. 6, 2021, Jan. 7, 2025, at 120 and 143*.

14. The docket unsealed last month shows that Trump filed an appeal of Judge Howell's ruling which was transmitted to the D.C. Circuit on Oct. 6, 2022. It also lists the appellate case number. *In Re Donald J. Trump ECF No. 11-2.*

For the foregoing reasons, Petitioner requests that the Court grant his request to unseal the appellate-level materials in this matter pertaining to executive privilege and attorney-client privilege. Consistent with Judge Boasberg's opinion at the district court level, Petitioner does not request the disclosure of the names of the subpoena recipients.

Date: Oct. 9, 2025 Respectfully submitted,

*/s/ Charlie Savage*
Charle Savage
The New York Times
1627 I St. NW
Washington, DC 20006
202-369-6653
savage@nytimes.com

CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 27(d), the undersigned pro se litigant certifies that this document complies with the typeface requirements of Rule 32(a)(5) and the type-style requirements of Rule 32(a)(6) because this Motion was composed using Microsoft Word in 14-point Times New Roman font, a proportionally spaced font. The word count is 800 words.

October 9, 2025 */s/ Charlie Savage*

Charlie Savage